# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 07-CR-10-LRR |
| vs. | |
| RYAN SIDERS, | **ORDER** |
| Defendant. | |

On January 17, 2008, this matter came before the court for a competency hearing, pursuant to 18 U.S.C. § 4241. Assistant United States Attorney Robert L. Teig represented the government. Assistant Federal Public Defender JoAnne Lilledahl represented Defendant Ryan Siders, who was personally present.

The ultimate standard for competency is whether Defendant "is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense . . . ." 18 U.S.C. § 4241(d). In other words, "[a] defendant is competent to stand trial if he "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding . . . [and] a rational as well as factual understanding of the proceedings against him." *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996) (citing *Dusky v. United States*, 362 U.S. 402, 402 (1960)). The Eighth Circuit Court of Appeals recently described § 4241 as requiring the court to engage in a two-pronged analysis at a competency hearing. The court stated:

> The first prong of the competency test requires the district court to determine if the defendant has "a rational as well as factual understanding of the proceedings against him." *United States v. Robinson*, 253 F.3d 1065, 1067 (8th Cir. 2001), quoting *Dusky*[,] 362 U.S. [at] 402[.]

> \* \* \*
> The second prong of the competency test requires the district court to determine whether the defendant is able to assist properly in his defense.

*United States v. Ghane*, 490 F.3d 1036, 1040 (8th Cir. 2007).

The government bears the burden to prove, by a preponderance of the evidence, that Defendant is competent to stand trial. *See* 18 U.S.C. § 4241(d) (preponderance standard); *United States v. Teague*, 956 F.2d 1427, 1432 n.10 (7th Cir. 1992) (placing burden of proving competency upon the government). The court "may base its competency decision on numerous factors, including expert medical opinions . . . ." *Ghane*, 490 F.3d at 1040 (citation and internal quotation marks omitted).

Based upon the two expert reports in the record[1] and for the reasons expressed in the same, the court found that Defendant was competent to stand trial. 18 U.S.C. § 4241. Trial remains scheduled for February 25, 2008, at 9:00 a.m.

**IT IS SO ORDERED.**

**DATED** this 17th day of January, 2008.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[1] *See* Defendant's Exhibit A (introduced at the competency hearing); Sealed Document (docket no. 26-1); and Sealed Addendum (docket no. 26-2).